NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-2512

———————

UNITED STATES OF AMERICA

v.

PAUL HARMON,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cr-00382)
District Judge:  Honorable J. Nicholas Ranjan

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 19, 2023

Before: AMBRO[*], PORTER, and FREEMAN, *Circuit Judges*

(Opinion filed: March 9, 2023)

———————

[*]Judge Ambro assumed senior status on February 6, 2023.

## OPINION*

FREEMAN, *Circuit Judge.*

Paul Harmon appeals from the 72-month sentence imposed by the District Court following his guilty plea to wire fraud. Because the District Court's sentence was not substantively unreasonable, we will affirm.

### I.

Fuellgraf Electric Company ("Fuellgraf") was a family-owned electrical engineering and contracting business founded in the 1940s and based in Butler, Pennsylvania. Harmon was an employee from 1979 until 2018. He was hired as a field accountant, worked his way up within the company, and eventually ended up in the position of "controller"—a role in which he had authority over the company's finance, accounting, and treasury functions.

Fuellgraf's President, Chud Fuellgraf, became suspicious of Harmon in November 2018, and a subsequent investigation revealed that Harmon had been embezzling funds from the company since at least October 2009. The methods Harmon employed to perpetuate the offense were numerous, including initiating electronic payments from company accounts to his personal accounts, issuing corporate checks to himself, issuing corporate checks to an entity he controlled, and creating false entries in

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the company's books and records to make the true nature of fraudulent expenditures difficult to detect. Between October 2009 and December 2018, Harmon misappropriated at least $1.466 million in Fuellgraf corporate funds.

In December 2020, Harmon was charged by information with one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. He waived his right to grand jury indictment and entered a written guilty plea agreement. The parties stipulated to a recommended restitution amount of $1.466 million and a Sentencing Guidelines range of 33 to 41 months' imprisonment. In July 2021, about two weeks before Harmon's sentencing hearing, Mr. Fuellgraf submitted a victim impact statement that detailed the nature and history of Harmon's embezzlement scheme as well as the betrayal and devastating financial loss suffered by the company and the entire Fuellgraf family as a result of Harmon's actions. Mr. Fuellgraf highlighted several categories of financial losses he and the company suffered over and above the $1.466 million that Harmon directly misappropriated. For example, he explained that he and the company had overpaid more than $700,000 in taxes for the years 2014 and 2015 alone based on Harmon's fraudulent manipulation of company sales figures, and that he incurred over $389,000 in fees employing various accounting, tax, and legal professionals in his attempt to get the company back on track. He stated that the company could not continue operating and would shut down in August 2021 after 75 years in business.

At the sentencing hearing, the District Court agreed that Harmon was subject to an advisory Guidelines range of 33 to 41 months' imprisonment. Following a brief statement from Harmon, the court heard testimony from Mr. Fuellgraf that largely

3

tracked his written statement. The District Court then stated that it would vary upward and impose a six-year term of imprisonment, to be followed by three years of supervised release. A portion of its rationale is set forth here:

> I know the government here is arguing for a guideline sentence but this is a case where the guidelines actually understate the severity of what you have done here. It doesn't account for the multiple victims here, it doesn't account for what I tally an additional million dollars at least of additional financial loss and it doesn't account for the ruin of a family business here. So in my estimation, the guidelines here, they don't go far enough.
>
> So in considering all these factors and weighing some differently than others here, I think a guideline sentence is not sufficient enough. I think what I see before me is somebody who betrayed trust and for lack of a better term, really acted as a parasite on this family and family business and sucked the blood and life out of it and now has to bear some of those consequences.

App. 125–26. Harmon timely appealed.

## II.[1]

"The Supreme Court has unequivocally stated that 'courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Tomko*, 562 F.3d 558, 571 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The party challenging the sentence has the burden of demonstrating unreasonableness. *Tomko*, 562 F.3d at 567. "Ultimately, the touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* at 568 (cleaned up).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

"[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.*

**III.**

Harmon argues that the sentence imposed by the District Court is substantively unreasonable.[2] We disagree and will affirm the judgment of sentence.

First, Harmon argues that the District Court erred by using an "internally inconsistent" rationale to determine his sentence, first accepting the stipulated-to $1.466 million loss amount for purposes of calculating his Guidelines range and then varying upward after considering losses not included within that amount.[3] In essence, Harmon argues that sentencing courts are precluded from considering victims' monetary losses in applying the 18 U.S.C. § 3553(a) factors if those losses were not taken into account in the Guidelines calculations. In support of his argument, Harmon cites only dictum from an out-of-circuit opinion; he has failed to meet his burden. In any event, a sentencing court need not ignore harms that the Guidelines do not account for. By definition, a variance is

---

[2] Harmon waived his right to appeal except in limited circumstances, including if "the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines." App. 28. Because he challenges the substantive reasonableness of his sentence, this appeal is not foreclosed by the appellate waiver.

[3] After initially framing his argument as an incorrect recalculation of his Guidelines range—which would be more accurately characterized as a challenge to the sentence's procedural reasonableness—Harmon clarified on reply that his "recalculation" point was intended to serve as an illustrative example only, and that he is not challenging the District Court's calculation of his Guidelines range.

a divergence from the Guidelines based on the exercise of the sentencing court's discretion under § 3553(a). *United States v. Floyd*, 499 F.3d 308, 311 (3d Cir. 2007). Here, the District Court varied upward from the applicable Guidelines range based on the victims' monetary losses that were unaccounted for in the Guidelines calculations and based on Harmon's years-long betrayal of the Fuellgraf family's trust and his ruin of the family's business. The Court did not abuse its discretion.

Second, Harmon argues that the District Court failed to give appropriate weight to several mitigating factors in conducting its § 3553(a) analysis. Specifically, Harmon cites his lack of criminal history, the unlikelihood he would ever recidivate, and his advanced age. But the Court took each of these mitigating factors into account in determining its sentence, and it explained that these factors are outweighed by aggravating factors, including the multiple victims, the additional financial loss, and the ruin of a family business. A sentencing court's decision "not to give [] mitigating factors the weight that [the defendant] contends they deserve does not render [the] sentence unreasonable." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). The District Court gave rational and meaningful consideration to the relevant § 3553(a) factors in arriving at its sentence, and we cannot say that no reasonable sentencing court would have imposed the same sentence for the reasons provided.

**IV.**

For the foregoing reasons, we will affirm the District Court's judgment.